**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| CHERYLE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 05-0234-BH-L |
| OCWEN FEDERAL BANK, FSB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This action is now before the Court on plaintiff motion (Doc. 2) to remand this

action to the Circuit Court of Perry County from whence it was removed for the second

time on April 18, 2005, by Ocwen Federal Bank, FSB ("Ocwen"), the defendant herein.

Plaintiff contends that "Ocwen's attempt to secure a second bite at the apple is prohibited

by 28 U.S.C. § 1447(d) . . . [because] . .  Ocwen's current argument in support of its

allegation that the amount in controversy is met for diversity jurisdiction is exactly the

same as that made in its original notice of removal in this case . . . [and] raises no new

arguments."  Upon consideration of plaintiff's motion, Ocwen's response in opposition

thereto (Doc. 7) and all other pertinent portions of the record, the Court concludes,

however, that the motion to remand is due to be denied.

While it is true that "re-removal" of an action is allowed in only limited

circumstances, it is also true that a contradiction by a plaintiff of evidence which the court

relied upon in reaching its initial decision to remand may present a new factual basis on

which to determine the diversity jurisdiction issue and thus constitute appropriate grounds

for a second removal.  *TKI, Inc. v. Nichols Research Corp.*, 191 F.Supp.2d 1307, 1312-13.

As applied to the case at bar, the plaintiff previously secured an order from this Court

remanding this action by unequivocally stating that "the amount in controversy is less than

$75,000.00."  Def. Exh. 1 at p. 6.[1]   The plaintiff subsequently contradicted her assertion by

declaring emphatically that she "did not limit her damages to $75,000."  Def. Exh. 4 at p. 2.

Despite plaintiff's present attempt to diminimize the effect of this contradictory

declaration, the Court agrees that the assertion constitutes an admission that the plaintiff

seeks and is willing to accept more than $75,000 and that, therefore, the amount in

controversy exceeds $75,000.  Diversity jurisdiction does indeed, therefore, exist in this

case.  Consequently, it is **ORDERED** that plaintiff's motion to remand be and is hereby

**DENIED.**

       In view of the above, the Court has re-examined Ocwen's motion to stay (Doc. 5)

and the Court's Order of May 5, 2005 denying same (Doc. 6).  Based upon such

reconsideration, the Court concludes that this action should now be stayed pending

resolution of Ocwen's efforts to obtain the transfer of this action for consolidation into *In

re: Ocwen Federal Bank FSB Mortgage Service Litigation,* MDL No. 1604, pending in

the Northern District of Illinois.  It is therefore **FURTHER ORDERED** that the Court's

Order of May 5, 2005 (Doc. 6) be and is hereby **VACATED** and, in lieu thereof, that

Ocwen's motion to stay (Doc. 5) be and is hereby **GRANTED** in that this action is hereby

---

[1]*See also*, *Williams v. Ocwen Federal Bank, FSB*, Civil Action No. 04-627-BH-L, at
Motion to Remand (Doc. 14) at p. 6.

**STAYED** pending a decision from the Judicial Panel on Multidistrict Litigation ("JPML")

on Ocwen's request for transfer and multidistrict consolidation.

      **DONE** this 12th  day of May, 2005.

                                             _____s/ W. B. Hand_____
                                           SENIOR DISTRICT JUDGE